State v. Byrd

STATE OF NORTH CAROLINA v. JOSEPH R. BYRD

No. 8311SC782

(Filed 6 March 1984)

1. **Criminal Law § 98.2— failure to sequester witnesses—no abuse of discretion**

   In a prosecution for attempting to take indecent liberties with a child in violation of G.S. 14-202.1(a)(2), there was no abuse of discretion in a trial judge's denial of defendant's motion to sequester juvenile witnesses at the probable cause hearing. G.S. 15A-611 and G.S. 15A-1225.

2. **Criminal Law § 169.6— exclusion of evidence—failure to show prejudice**

   In a prosecution for attempting to take indecent liberties with a child, defendant failed to show prejudice from the exclusion of testimony apparently intended to challenge a witness's credibility where there was nothing in the record to indicate the answer the witness would have given had he been permitted.

3. **Rape and Allied Offenses § 19— attempts to take indecent liberties with a child—sufficiency of evidence**

   A trial court properly denied defendant's motion to dismiss a charge of attempting to take indecent liberties with a child in violation of G.S. 14-202.1(a)(2) where the evidence tended to show that defendant pulled down the pants of a youngster under the age of 16, and said, "let me play with you," and defendant did not complete the crime because, at that minute, a friend of the youngster's walked in and the youngster ran out of defendant's house.

4. **Criminal Law § 163— failure to object or timely request instructions—waiver of right to complain on appeal**

   Defendant's failure to request limiting instructions and failure to timely request instructions on certain definitions, as required by G.S. 15A-1231, precluded defendant from complaining about the instructions on appeal.

5. **Criminal Law § 138— sentence of presumptive term—aggravating or mitigating factors not required**

   Where defendant was convicted of attempting to take indecent liberties with a child in violation of G.S. 14-202.1(a)(2) and sentenced to the presumptive term of three years, the trial judge was not required to find aggravating or mitigating factors. G.S. 15A-1340.4.

APPEAL by defendant from *Battle, Judge.* Judgment entered 15 December 1982 in Superior Court, HARNETT County. Heard in the Court of Appeals 6 February 1984.

Defendant was convicted of attempting to take indecent liberties with a child in violation of G.S. 14-202.1(a)(2).

*Attorney General Edmisten, by Charles H. Hobgood, Associate Attorney General, for the State.*

*Bain and Marshall, by Elaine F. Marshall, for the defendant-appellant.*

VAUGHN, Chief Judge.

[1]  Defendant first contends that the trial court erred in denying defense counsel's motion to sequester witnesses at the probable cause hearing. We find no error. Generally, the trial judge has discretion regarding sequestration of witnesses and his decision is reviewable only upon a showing of abuse of discretion. *State v. Royal,* 300 N.C. 515, 268 S.E. 2d 517 (1980). This rule applies regardless of whether the motion to sequester is made at trial or at the probable cause hearing. *See* G.S. 15A-611 (official commentary); G.S. 15A-1225. The fact that the prosecution witnesses were juveniles does not mandate sequestration. We find no evidence in the record that the witnesses were influenced by one another or that their testimonies were less than candid. *See State v. Keaton,* 61 N.C. App. 279, 300 S.E. 2d 471, *review denied,* 309 N.C. 463, 307 S.E. 2d 369 (1983); *see also Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed. 2d 592 (1976).

[2]  Defendant's next assignment of error concerns the following exchange between defense counsel and the prosecution witness, Jeffrey Holmes:

Q. Are you pretty good friends with Chief Parker?

A. Yes, ma'am.

Q. How many times a week do you see him?

A. I see him a lot.

Q. Before school went in, did you see him just about every day?

A. Yeah, sometimes.

Q. Did he help you get ready for testifying today?

The trial judge sustained the prosecutor's objection to this question and Holmes was not allowed to answer. Defendant cites error in the exclusion of this testimony.

Generally, in this state, we adhere to a " 'wide-open' rule of cross-examination," recognizing thereby that a defendant always has the right to challenge the credibility, through cross-examination, of witnesses who testify against him. *State v. Penley*, 277 N.C. 704, 708, 178 S.E. 2d 490, 492 (1971); *see State v. Wilson*, 269 N.C. 297, 152 S.E. 2d 223 (1967). Although we find that the trial judge erred in excluding testimony apparently intended to challenge the witness' credibility, defendant has failed to show prejudice from the exclusion of this testimony. We find nothing in the record to indicate the answer the witness would have given had he been permitted. Defendant has the burden not only of showing error but of showing that such error was prejudicial. *State v. Brower*, 289 N.C. 644, 224 S.E. 2d 551 (1976), *motion for reconsideration denied*, 293 N.C. 259, 243 S.E. 2d 143 (1977); *State v. Robinson*, 280 N.C. 718, 187 S.E. 2d 20 (1972).

**[3]** Defendant next contends that the trial court erred in denying defense counsel's motion to dismiss. We find no error. A conviction, like the one here, for *attempting* to commit a crime, requires a showing of two elements, to wit, intent to commit the substantive offense and an overt act which, in the ordinary and likely course of events, would result in commission of the crime. *State v. Rushing*, 61 N.C. App. 62, 300 S.E. 2d 445, *affirmed*, 308 N.C. 804, 303 S.E. 2d 822 (1983). The act must be more than mere preparation but less than the completed offense. *State v. Eure*, 61 N.C. App. 430, 301 S.E. 2d 452 (1983).

The evidence in this case showed that defendant pulled down the pants of Jeffrey Holmes, a youngster under the age of sixteen, and said, "Let me play with you." Defendant did not complete the crime because, at that moment, Holmes' friend walked in and Holmes ran out of defendant's house.

On a motion to dismiss, the evidence must be viewed in the light most favorable to the State, with the State receiving the benefit of every reasonable inference to be drawn therefrom. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). With this rule in mind, we hold the evidence in this case to be sufficient to establish the elements of both intent and overt action necessary to withstand defendant's motion to dismiss. It was properly left to the jury to infer from the circumstances whether defendant

had the requisite intent. *See State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974).

**[4]** Defendant's next three exceptions relate to the jury charge. First, defendant contends that the trial judge's failure to define "lewd or lascivious" constituted prejudicial error. We find no merit in this contention. The record reveals that defense counsel had the opportunity, at trial, out of the jury presence, to request an appropriate definition and did not do so. Defendant, therefore, has no grounds to appeal. Rule 10(b)(2) Rules of Appellate Procedure. Moreover, we have previously held "lewd or lascivious" to be ordinary words a jury is presumed to understand. *State v. Stell,* 39 N.C. App. 75, 249 S.E. 2d 480 (1978).

Defendant next cites prejudicial error in the trial judge's failure to define intent. At trial, after the jury had been instructed and had retired, defense counsel orally requested an instruction on the definition of intent. Defense counsel's request was not timely, nor in writing, as required by G.S. 15A-1231. The decision, therefore, whether to instruct the jury as requested was within the discretion of the trial judge. *State v. Matthews and State v. Snow,* 299 N.C. 284, 261 S.E. 2d 872 (1980). We find no abuse of discretion. "Intent," a word of common usage, is self-explanatory and does not require elaboration. *State v. Jones,* 300 N.C. 363, 266 S.E. 2d 586 (1980).

The testimony at trial related to two charges of taking indecent liberties with children, one of which was dismissed at the close of the State's evidence. Defendant contends that the trial judge erred by failing to give a limiting instruction and by stressing that the jury consider all of the evidence. Specifically, defendant objects to the following portion of the judge's charge.

> Now members of the jury, I have not summarized all of the evidence in this case. However, it is your duty to remember all of the evidence whether it has been called to your attention or not, and if your recollection of the evidence differs from that of the Court or of the attorneys, you are to rely solely upon your recollection of the evidence in your deliberations. I have not reviewed the contentions of the State or of the defendant, but it is your duty not only to consider all of the evidence, but also to consider all of the arguments, the contentions and positions urged by the at-

torneys in their speeches to you, and any other contention that arises from the evidence, and to weigh them in the light of your common sense, and as best you can, to determine the truth of this matter.

We have reviewed the charge in its entirety and conclude that the judge properly instructed the jury on the evidence and law applicable thereto. Defendant, not having requested a limiting instruction at trial, cannot complain on appeal.

[5]   Defendant lastly contends that the trial judge erred in failing to find mitigating factors during sentencing. Defendant was convicted pursuant to G.S. 14-201.1, an offense punishable as a Class H felony. Because defendant was sentenced to the presumptive term of three years, the trial judge was not required to find aggravating or mitigating factors. G.S. 15A-1340.4.

No error.

Judges WEBB and JOHNSON concur.