STATE OF NORTH CAROLINA v. WILLIAM K. NEWELL, III

No. 8628SC259

(Filed 16 September 1986)

1. **Constitutional Law § 30; Process § 6— subpoenas duces tecum—irrelevant material requested—fishing expedition—quashing proper**

    In a prosecution of defendant for taking indecent liberties with a child, the trial court did not err in quashing subpoenas *duces tecum* issued by defendant upon a children's home for the production of all its files and records relating to the victim and another witness, both of whom were residents of the home, since the items were not within the prosecutor's possession, custody, or control and thus were not subject to discovery as of right; the subpoenas amounted to a "fishing expedition"; the requested files and records contained many items irrelevant to the inquiry; and many of the items sought were protected by the physician-patient, psychologist-client, or counselor privilege.

2. **Criminal Law § 131— post-trial motion for appropriate relief—no showing of newly-discovered evidence**

    The trial judge did not err in denying defendant's post-trial motion for appropriate relief pursuant to N.C.G.S. § 15A-1415 where defendant did not show in his affidavit any new evidence which would do more than contradict, impeach or discredit a witness at trial.

3. **Criminal Law § 91— continuance to prepare for trial—motion properly denied**

    There was no merit to defendant's contention that the trial court erred in denying his motion to continue made on the ground that defense counsel did not have an opportunity to look at the transcript of defendant's first trial until the morning of the second trial and he therefore did not have time to prepare adequately for cross-examination of the State's witnesses, since defendant, himself a lawyer, had had the transcript of the first trial in his possession three days before the first day of the second trial; defense counsel had appeared at the first trial and was thoroughly familiar with the case; the transcript was not long and the case not complicated; and defense counsel made effective use of the transcript in his cross-examination of the State's witnesses.

4. **Criminal Law § 138.14— presumptive sentence—no aggravating or mitigating factors found**

    Where defendant was sentenced to the presumptive term of three years upon conviction of taking indecent liberties with a child, the trial court was not required to find aggravating or mitigating factors.

    Judge PHILLIPS concurring in result.

APPEAL by defendant from *Albright, Judge*. Judgment entered 24 October 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 August 1986.

Defendant was charged in a proper bill of indictment with taking indecent liberties with a child in violation of G.S. 14-202.1. He was found guilty as charged. From a judgment imposing a prison sentence of three years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lucien Capone, III, for the State.*

*Roberts, Stevens & Cogburn, P.A., by Max O. Cogburn and Allan P. Root, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends that the trial court erred to his prejudice in quashing subpoenas *duces tecum* issued by defendant upon the Eliada Home for Children for the production of all of its files and records relating to the victim and another witness, both of whom were residents of the Home.

There is no common law right of discovery in criminal cases, *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983), and there is no statute that grants a defendant in a criminal trial access as of right to any documents unless they are "within the possession, custody, or control of the State." G.S. 15A-903(d). This has been interpreted to mean "within the prosecutor's possession, custody or control." *State v. Crews*, 296 N.C. 607, 616, 252 S.E. 2d 745, 752 (1979). Since the files and records in question here were not within the prosecutor's possession, custody, or control, they were not subject to discovery as of right.

However, documents not subject to the criminal discovery statute may still be subject to a subpoena *duces tecum*. The subpoena *duces tecum* is the process by which a court requires that particular documents or other items which are material to the inquiry be brought into court. It is issued by the clerk of court, and can be issued to any person who can be a witness. G.S. 7A-103(1); *Vaughan v. Broadfoot*, 267 N.C. 691, 149 S.E. 2d 37 (1966).

The purpose of the subpoena *duces tecum* is to require the production of specific items patently material to the inquiry. *Id.* Therefore, it must specify with as much precision as fair and feasible the particular items desired. *Id.*

Discovery is not a proper purpose for a subpoena *duces tecum*; anything in the nature of a mere "fishing expedition" will not be allowed. *Id.* A party is not entitled to have brought in a mass of books and papers in order that he may search them through to gather evidence. *Id.* To hold otherwise would not only cause the subpoenaed person often to be unfairly burdened, but would also obligate him to produce a number of items not material to the inquiry, which is clearly not authorized by law.

A motion to quash a subpoena *duces tecum* is addressed to the sound discretion of the trial judge, and is not subject to review absent a showing of abuse of discretion. *Id.* In exercising that discretion, the trial judge should consider the relevancy and materiality of the items called for, the right of the subpoenaed person to withhold production on other grounds, such as privilege, and also the policy against "fishing expeditions." *Id.*

In the present case, the subpoenas called for all files and records relating to the victim and another witness. This is a very broad category, certain to include many items completely irrelevant to the inquiry. This may be acceptable in a motion for discovery, but it is inappropriate in a subpoena *duces tecum*. Furthermore, in examining the documents produced by the Eliada Home for *in camera* inspection, we found that only a tiny fraction of them are even arguably material to the inquiry, and that a good many of them are privileged under either G.S. 8-53 (physician-patient privilege), G.S. 8-53.3 (psychologist-client privilege), or G.S. 8-53.8 (counselor privilege). Under these circumstances, we cannot find that the trial judge abused his discretion in quashing the subpoenas *duces tecum*.

Defendant next contends that the trial court erred to his prejudice in sustaining objections to questions asked of Louise Ordway, a social worker at the Eliada Home for Children, relating to the reasons for the victim's commitment to the Home. However, defense counsel did not have Mrs. Ordway's answers to these questions placed in the record for appellate review. Where the record fails to show what the answers would have been had the witness been permitted to answer, the exclusion of such testimony cannot be held prejudicial, and thus is not reversible error. *State v. Wilhite*, 308 N.C. 798, 303 S.E. 2d 788 (1983).

[2] Defendant next contends that the trial court erred to his prejudice in denying defendant's post-trial motion for appropriate relief pursuant to G.S. 15A-1415. Defendant, in his motion, requested that defense be allowed to inspect the victim's juvenile court record. Defendant argues that something in her juvenile record may be relevant to impeach the testimony of Mrs. Ordway that the victim had, to her knowledge, "always be[en] truthful." As appropriate relief, defendant argues that he is entitled to a new trial in order to impeach Mrs. Ordway's testimony.

The statute which defendant claims gives him grounds for his motion is G.S. 15A-1415(b)(6), which provides that such a motion may be made on the ground that evidence is available which was unknown or unavailable to the defendant at the time of the trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge and is not subject to review absent a showing of an abuse of discretion. *State v. Beaver*, 291 N.C. 137, 229 S.E. 2d 179 (1976). In order for a court to grant such a motion it must appear by affidavit that, among other things, "the new evidence does not merely tend to contradict, impeach, or discredit the testimony of a former witness." *Id.* at 143, 229 S.E. 2d at 183. This requirement was clearly not met by defendant in the present case. We hold, therefore, that the trial judge did not abuse his discretion in denying defendant's motion.

[3] Defendant next contends that the trial court erred to his prejudice in denying his motion to continue. The case had previously been mistried. Defendant claims that defense counsel did not have a chance to look at the transcript of the first trial until the morning of the second trial, and therefore he did not have time to prepare adequately for cross-examination of the State's witnesses. Defendant argues that under these circumstances, denial of his motion to continue deprived him of his constitutional right to counsel.

Ordinarily, a motion to continue is addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review absent a showing that he abused that discretion. How-

ever, when a motion to continue is based on a constitutional right, the question presented is a reviewable question of law. *State v. McFadden*, 292 N.C. 609, 234 S.E. 2d 742 (1977), *State v. Williams*, 51 N.C. App. 613, 277 S.E. 2d 546 (1981). The burden is on the defendant to show a clear denial of this right. *Id.*

In the present case, as the trial court found, (1) defendant, himself a lawyer, had had the transcript of the first trial in his possession three days before the first day of the second trial, (2) defense counsel had appeared at the first trial and was thoroughly familiar with the case, and (3) the transcript itself was not long, and the case was not complicated. Furthermore, the transcript of the second trial reveals that defense counsel made effective use of the transcript of the first trial in his cross-examination of the State's witnesses. Under these circumstances, we cannot find that defendant has met his burden of showing a clear denial of his constitutional right to counsel.

Defendant next contends that the trial court erred to his prejudice in permitting the prosecutor to cross-examine Shelby Horton, defendant's law partner, concerning his attempts to dissuade the Eliada Home and the District Attorney from prosecuting defendant. This testimony was never objected to during trial, and thus is not subject to appellate review. *Hanna v. Brady*, 73 N.C. App. 521, 327 S.E. 2d 22, *disc. rev. denied*, 313 N.C. 600, 332 S.E. 2d 179 (1985).

[4] Defendant lastly contends that the trial court erred to his prejudice in failing to find mitigating factors during sentencing. Defendant was convicted pursuant to G.S. 14-202.1, an offense punishable as a Class H felony. Since defendant was sentenced to the presumptive term of three years, the trial judge was not required to find aggravating or mitigating factors. G.S. 15A-1340.4, *State v. Byrd*, 67 N.C. App. 168, 312 S.E. 2d 528 (1984).

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judge MARTIN concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

While I agree that defendant's trial was free of prejudicial error I do not agree with much that is said in the majority opinion about the subpoena *duces tecum* and the court's justification for quashing it. The subpoena was properly obtained, in my opinion, as counsel had good reason to suppose that the records involved — of two juvenile delinquents — might contain information detrimental to their credibility as witnesses, which was the controlling issue in the case; and rhetorical but largely meaningless cliches such as "fishing expeditions" and legislatively created privileges must yield to a defendant's right to a fair trial. Thus the court had a duty to examine the subpoenaed records and to determine whether they contained anything of material benefit to defendant in the trial of the case; and if they had, due process, as well as the statutory provisions that created the privileges involved, would have required the court to make such information available to defendant, even though the relevant and helpful information in the records was vastly exceeded by information that was neither relevant nor helpful. But, as the trial court correctly found, the records subpoenaed contained nothing that the defendant could have properly utilized in defending the charge brought against him.