ELMORE, Judge.
 

 *708
 
 Todd Stimson (defendant) was found guilty of trafficking in marijuana by possessing more than ten pounds and trafficking in marijuana by manufacturing more than ten pounds under N.C. Gen.Stat. § 90-95(h). On appeal, defendant argues that the trial court erred in quashing a subpoena he issued to a North Carolina Department of Revenue employee and that he received ineffective assistance
 
 *750
 
 of counsel (IAC). We conclude the trial court did not abuse its discretion in quashing the subpoena, and we therefore affirm. We dismiss without prejudice the IAC claim.
 
 *709
 

 I. Background
 

 The State's evidence tended to show the following: On 8 August 2011, the Fletcher Police Department received an anonymous call about illegal activity occurring at defendant's address. The next day, Fletcher police officers "conducted a garbage pull ... to see if there was anything in the garbage that would indicate there was marijuana being grown or any illegal activity occurring based on the complaint." After not finding any incriminating evidence, officers did not continue to actively investigate defendant.
 

 Nearly two years later, officers performed four garbage pulls in June 2013 and one in July 2013. They found "rolling papers," "roaches," and "trim waste." After the trim waste tested positive for marijuana, Erik Sumney, Chief of Police, and Detective Daniel Barale obtained a search warrant for defendant's property, which they executed on 11 July 2013. Officers seized seventy-five marijuana plants from defendant's barn, one container of marijuana from defendant's home, and two plastic bags of marijuana from defendant's freezer. Officers transported the evidence to the North Carolina State Crime Lab. Drug chemistry analyst Julie Gillette tested and weighed three of the ten items of evidence pursuant to the lab threshold sampling selection requirements. The lab report indicates that the three items analyzed tested positive for marijuana and weighed 5.31 kilograms or 11.7 pounds.
 

 On 29 July 2013, defendant was indicted on one count of trafficking in marijuana by possessing more than ten pounds and one count of trafficking in marijuana by manufacturing more than ten pounds. The case came on for trial on 23 March 2015 in Henderson County Superior Court. That same day, defendant served North Carolina Department of Revenue employee George Valsame with a subpoena to testify at the trial and produce "[a]ll documents related to the Unauthorized Substance Tax action against [defendant]."
 

 Valsame, through counsel from the North Carolina Attorney General's Office, moved to quash the subpoena claiming it required disclosure of protected matter and testimony that was prohibited by statute. The trial court allowed the motion and quashed the subpoena. Defendant did not put on any evidence and was found guilty of both charges. The Honorable Mark E. Powell sentenced defendant to twenty-five to thirty-nine months imprisonment and recommended work release. Defendant appeals.
 

 *710
 

 II. Analysis
 

 A. Quashed Subpoena
 

 Defendant argues the trial court's decision to quash the subpoena violated his right under the federal and state constitutions to call witnesses in his defense. Defendant, however, did not raise his constitutional argument in the trial court, and it may not be considered for the first time on appeal.
 
 Fields v. McMahan,
 

 218 N.C.App. 417
 
 , 419,
 
 722 S.E.2d 793
 
 , 794 (2012).
 

 Defendant next argues that the "trial court abused its discretion by acting under a misapprehension of the law that led it to conclude that it had no discretion to exercise." He contends that N.C. Gen.Stat. § 105-113.112 only prevents the prosecutor, not a defendant, from calling a Department of Revenue employee to testify.
 

 "A motion to quash a subpoena is addressed to the sound discretion of the trial court and is not subject to review absent a showing of an abuse of discretion."
 
 State v. Hurt,
 

 235 N.C.App. 174
 
 , 182,
 
 760 S.E.2d 341
 
 , 348 (2014) (citing
 
 State v. Newell,
 

 82 N.C.App. 707
 
 , 709,
 
 348 S.E.2d 158
 
 , 160 (1986) ),
 
 review denied,
 

 367 N.C. 807
 
 ,
 
 766 S.E.2d 679
 
 (2014). "An abuse of discretion occurs only where a trial court's ruling was 'manifestly unsupported by reason or [was] so arbitrary that it could not have been the result of a reasoned decision.' "
 
 Id.
 
 at 182,
 
 760 S.E.2d at 348
 
 (quoting
 
 State v. White,
 

 349 N.C. 535
 
 , 552,
 
 508 S.E.2d 253
 
 , 264 (1998) ). "In exercising that discretion, the trial judge should consider the relevancy and materiality of the items called for, the right of the subpoenaed person to withhold production on other grounds, such as privilege,
 
 *751
 
 and also the policy against 'fishing expeditions.' "
 
 Newell,
 

 82 N.C.App. at 709
 
 ,
 
 348 S.E.2d at 160
 
 .
 

 Under N.C. Gen.Stat. § 105-113.107 (2011), titled, "Excise tax on unauthorized substances," an excise tax is levied on controlled substances possessed by dealers. The North Carolina Department of Revenue issues revenue stamps to affix to unauthorized substances to indicate payment of the tax, and dealers report the taxes paid via an unauthorized substance tax return. N.C. Gen.Stat. § 105-113.108 (2011). Dealers are not required to give their name, address, social security number, or other identifying information on the return.
 

 Id.
 

 Here, revenue stamps were affixed to some of the marijuana plants seized from defendant's property.
 

 At issue here is N.C. Gen.Stat. § 105-113.112, titled, "Confidentiality of information." Both the State and defendant refer to the amended
 
 *711
 
 version, which took effect on 23 August 2013,
 
 [1]
 
 and relevant to defendant's argument added the words, "by a prosecutor." However, because defendant was indicted on 29 July 2013, the amendments would not apply in his trial.
 
 State v. Gamez,
 

 228 N.C.App. 329
 
 , 332,
 
 745 S.E.2d 876
 
 , 878 (2013) ( "A criminal action arises when the defendant is indicted.") (citing
 
 State v. Williams,
 

 151 N.C. 660
 
 , 660,
 
 65 S.E. 908
 
 , 909 (1909) );
 
 see also
 

 State v. McGraw,
 
 COA15-6,
 
 2015 WL 6163958
 
 (N.C.Ct.App. Oct. 20, 2015) ("Therefore, because Defendant's indictment predated the effective date of the amendments to Rule 702, we must apply the former version of Rule 702.").
 

 Accordingly, as of the date of defendant's indictment, N.C. Gen.Stat. § 105-113.112 (2011) stated,
 

 Information obtained by the Department in the course of administering the tax imposed by this Article, including information on whether the Department has issued a revenue stamp to a person, is confidential tax information and is subject to the following restrictions on disclosure:
 

 (1) G.S. 105-259 prohibits the disclosure of the information, except in the limited circumstances provided in that statute.
 

 (2) The information may not be used as evidence, as defined in G.S. 15A-971, in a criminal prosecution for an offense other than an offense under this Article or under Article 9 of this Chapter. Under this prohibition, no officer, employee, or agent of the Department may testify about the information in a criminal prosecution for an offense other than an offense under this Article or under Article 9 of this Chapter. This subdivision implements the protections against double jeopardy and self-incrimination set out in Amendment V of the United States Constitution and the restrictions in it apply regardless of whether information may be disclosed under G.S. 105-259. This subdivision does not apply to information obtained from a source other than an employee, officer, or agent of the
 
 *712
 
 Department. This subdivision does not prohibit testimony by an officer, employee, or agent of the Department concerning an offense committed against that individual in the course of administering this Article. An officer, employee, or agent of the Department who provides evidence or testifies in violation of this subdivision is guilty of a Class 1 misdemeanor.
 

 N.C. Gen.Stat. § 105-113.112 (2011).
 

 Here, defendant subpoenaed Valsame, a North Carolina Department of Revenue employee, to testify at the trial and produce "[a]ll documents related to the Unauthorized Substance Tax action against [defendant]." After hearing arguments from both the State and defendant on sections 105-259 and 105-113.112, the trial court allowed Valsame's motion to quash the subpoena. We cannot say that the trial court's decision to quash the subpoena was "manifestly unsupported by reason or [was] so arbitrary that it could not have been the
 
 *752
 
 result of a reasoned decision."
 
 Hurt,
 

 235 N.C.App. at 182
 
 ,
 
 760 S.E.2d at 348
 
 .
 

 N.C. Gen.Stat. § 105-113.112 (2011) clearly states that information obtained by the Department of Revenue in the course of administering the unauthorized substances tax is confidential tax information and cannot be used as evidence in a criminal prosecution. No employee of the Department may
 
 testify
 
 about the information in a criminal prosecution regardless of whether the information may be
 
 disclosed
 
 under N.C. Gen.Stat. § 105-259.
 

 Id.
 

 (emphasis added). We conclude that the trial court properly considered "the relevancy and materiality of the items called for, [and] the right of the subpoenaed person to withhold production," and, in its discretion, decided to quash the subpoena.
 
 Newell,
 

 82 N.C.App. at 709
 
 ,
 
 348 S.E.2d at 160
 
 .
 

 B. Ineffective Assistance of Counsel
 

 "The two-part test for ineffective assistance of counsel is the same under both the state and federal constitutions."
 
 State v. Thompson,
 

 359 N.C. 77
 
 , 115,
 
 604 S.E.2d 850
 
 , 876 (2004) (citing
 
 State v. Braswell,
 

 312 N.C. 553
 
 , 562-63,
 
 324 S.E.2d 241
 
 , 248 (1985) ). "A defendant must first show that his defense counsel's performance was deficient and, second, that counsel's deficient performance prejudiced his defense."
 

 Id.
 

 (citing
 
 Strickland v. Washington,
 

 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 , 2064,
 
 80 L.Ed.2d 674
 
 , 693 (1984) ). "Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness."
 

 Id.
 

 (citations and quotations omitted). "Generally, to establish prejudice, a
 
 *713
 
 defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
 

 Id.
 

 (citations and quotations omitted).
 

 Defendant argues that his attorney's performance was deficient because he breached his duty to conduct an adequate pre-trial investigation. Defendant claims that this deficient performance prejudiced his defense because a "pre-trial investigation of the plant material would have enabled [defendant] to successfully keep State's Exhibit 1 out of evidence." The State argues that the cold record is insufficient to evaluate defendant's claim because a "review of the record and the transcript does not reveal whether the failure to examine the marijuana prior to trial was the result of trial tactics, strategy, lack of preparation or unfamiliarity with the legal issues."
 

 "IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing."
 
 State v. Fair,
 

 354 N.C. 131
 
 , 166,
 
 557 S.E.2d 500
 
 , 524 (2001). However, "should the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent [motion for appropriate relief] proceeding."
 
 Id.
 
 at 167,
 
 557 S.E.2d at 525
 
 .
 

 Here, we determine that this claim has been brought prematurely and we dismiss it without prejudice.
 
 See
 

 State v. Allen,
 

 360 N.C. 297
 
 , 316,
 
 626 S.E.2d 271
 
 , 286 (2006) ("[W]hen it appears to the appellate court further development of the facts would be required before application of the
 
 Strickland
 
 test, the proper course is for the Court to dismiss the defendant's assignments of error without prejudice.").
 

 III. Conclusion
 

 The trial court did not abuse its discretion in quashing defendant's subpoena. We dismiss without prejudice defendant's IAC claim.
 

 AFFIRMED.
 

 Judges STROUD and DIETZ concur.
 

 [1]
 

 N.C. Gen.Stat. § 105-113.112 (2013) ("Information obtained by the Department from the taxpayer in the course of administering the tax imposed by this Article, including information on whether the Department has issued a revenue stamp to a person, may not be used as evidence, as defined in G.S. 15A-971,
 
 by a prosecutor
 
 in a criminal prosecution of the taxpayer for an offense related to the manufacturing, possession, transportation, distribution, or sale of the unauthorized substance.") (emphasis added).