IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-347

No. COA20-406

Filed 20 July 2021

New Hanover County, No. 18CVS2952

LARRY POWELL AND ALL AMERICAN BAIL BONDING, LLC, A North Carolina Limited Liability Company, Plaintiffs,

v.

MARK WAYNE CARTRET, Defendant.

Appeal by the North Carolina Department of Insurance from order entered 4 November 2019 by Judge W. Allen Cobb, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 11 May 2021.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Daniel Snipes Johnson, Special Deputy Attorney General M. Denise Stanford, and Assistant Attorney General Heather H. Freeman, for Appellant North Carolina Department of Insurance.*

> *Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady Richardson Jr. and Susan Renton, for Plaintiffs-Appellees.*

COLLINS, Judge.

¶ 1        The North Carolina Department of Insurance ("Department") appeals from an order denying its motion to quash the subpoena of Larry Powell and All American Bail Bonding, LLC, ("Plaintiffs") to produce documents and to testify at a Rule 30(b)(6) deposition. The Department contends that the trial court's order fails to

comply with the plain language of N.C. Gen. Stat. §§ 58-10-430(c) and 58-30-62(f) and erroneously orders the Department to release confidential documents.

## I.     Background

¶ 2        Plaintiffs filed a verified complaint on 20 August 2018 against Mark Wayne Cartret ("Defendant") alleging breach of contract.  Defendant filed an answer and counterclaims, alleging damages to himself and/or his company, Agent Associates Insurance, LLC, ("AAI").  Plaintiffs issued a subpoena to the Department on 22 August 2019 to produce documents relating to Defendant and AAI, and to testify at a Rule 30(b)(6) deposition.  The Department timely served upon Plaintiffs an Objection and Motion to Quash Plaintiffs' Subpoena and 30(b)(6) Deposition ("Motion").  In its Motion, the Department argued that certain documents and information sought by the subpoena were confidential and could not be released, pursuant to numerous provisions in Chapter 58 of the North Carolina General Statutes, including, in relevant part, N.C. Gen. Stat §§ 58-10-430(c) and 58-30-62(f).

¶ 3        After a hearing on the Motion, the trial court entered an Order wherein it found, in relevant part:

> 9. None of the statutory provisions cited by the [Department] in its Quash Motion under Chapter 58 of the North Carolina General Statutes provide that records can never be obtained from the [Department].  Rather, the statutory provisions cited by the [Department] specifically provide that records requested by subpoena that may fall under Chapter 58 of the North Carolina General Statutes

shall be provided "upon an order of a court of competent jurisdiction."

The trial court concluded, in relevant part:

> 3. The records requested in Plaintiffs' Subpoena may be produced under Chapter 58 of the North Carolina General Statutes "upon an order of a court of competent jurisdiction," notwithstanding assertions of statutory confidentiality by the [Department] or alleged statutory requirements that the information be kept confidential.

The trial court ordered the Department to "produce full and complete records to Plaintiffs' counsel pursuant to Plaintiffs' Subpoena" within sixty days and to "submit to [Plaintiffs'] deposition pursuant to N.C. R. Civ. P. 30(b)(6)" within forty-five days of the date of production of the Department's records. The Department timely appealed "from those parts of the Order . . . that ordered the Department to disclose subpoenaed documents that are confidential under N.C. Gen. Stat. § 58-10-430(c) and N.C. Gen. Stat. § 58-30-62(f)."

## II.    Appellate Jurisdiction

¶ 4        Plaintiffs moved to dismiss the Department's appeal as the Order is interlocutory. The Department concedes the Order is interlocutory but argues that the Order affects a substantial right and is thus immediately appealable.

¶ 5        Interlocutory orders are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy." *Carriker v. Carriker,* 350 N.C. 71, 73,

511 S.E.2d 2, 4 (1999) (citation omitted). Generally, there is no right to immediately appeal an interlocutory order compelling discovery, and "an appeal will lie only from a final judgment." *Steele v. Moore-Flesher Hauling Co.,* 260 N.C. 486, 491, 133 S.E.2d 197, 201 (1963) (citation omitted).

¶ 6 However, "immediate appeal is available from an interlocutory order or judgment which affects a 'substantial right.'" *Sharpe v. Worland,* 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (citations omitted); *see* N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3)(a) (2019). A two-part test is used to determine whether an interlocutory order affects a substantial right and is therefore immediately appealable. First, "the right itself must be substantial[,]" and second, "the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Sharpe,* 351 N.C. at 162, 522 S.E.2d at 579 (quotation marks and citation omitted).

¶ 7 The Department contends that the trial court's order affected a substantial right because the Department was ordered to disclose documents that are confidential and not subject to disclosure, pursuant to N.C. Gen. Stat. § 58-10-430(c) and N.C. Gen. Stat. § 58-30-62(f). Indeed, if the Department is required to disclose the very documents that it alleges are protected from disclosure by the statutory confidentiality provisions, then "a right materially affecting those interests which [an entity] is entitled to have preserved and protected by law -- a substantial right -- is

affected." *Id.* at 164-65, 522 S.E.2d at 580-81 (quotation marks and citations omitted). Moreover, the substantial right asserted by the Department will be lost if the trial court's order is not reviewed before entry of a final judgment. *See Lockwood v. McCaskill,* 261 N.C. 754, 757, 136 S.E.2d 67, 69 (1964) ("If and when Dr. Wright is required to testify concerning privileged matters at a deposition hearing, *eo instante* the statutory privilege is destroyed. This fact precludes dismissal of the appeal as fragmentary and premature.") Accordingly, the Order on appeal affects a substantial right; we deny Plaintiffs' motion to dismiss and address the merits of the Department's arguments.

## III.    Standard of Review

¶ 8        Generally, a ruling on a motion to quash a subpoena is left to the sound discretion of the trial court and an order denying a motion to quash is reviewed only for an abuse of discretion. *State v. Newell,* 82 N.C. App. 707, 709, 348 S.E.2d 158, 160 (1986). However, where, as here, an appeal presents a question of statutory interpretation, this Court conducts a de novo review of the trial court's conclusions of law. *Morgan v. Steiner,* 173 N.C. App. 577, 579, 619 S.E.2d 516, 518 (2005) (citation omitted).

## IV.    Analysis

¶ 9        The Department argues that the trial court's Order requiring disclosure of certain documents violates statutory confidentiality requirements established by the

General Assembly. Specifically, the Department contends that N.C. Gen. Stat. §§ 58-10-430(c) and 58-30-62(f) bar the disclosure of certain confidential documents.

¶ 10 "Legislative intent controls the meaning of a statute." *State v. James*, 371 N.C. 77, 87, 813 S.E.2d 195, 203 (2018) (quotation marks and citations omitted). The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, "the spirit of the act and what the act seeks to accomplish." *Id.* (quotation marks and citation omitted). As a cardinal principle of statutory interpretation, "[i]f the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." *Hyler v. GTE Prods. Co.*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993) (citation omitted). "Thus, in effectuating legislative intent, it is the duty of the courts to give effect to the words actually used in a statute and not to delete words used or to insert words not used." *State v. Watterson*, 198 N.C. App. 500, 505, 679 S.E.2d 897, 900 (2009).

**A. N.C. Gen. Stat. § 58-10-430(c)**

¶ 11 The North Carolina Captive Insurance Act, contained within Article 10 of Chapter 58 of our North Carolina statutes, "establish[es] the procedures for the organization and regulation of the operations of captive insurance companies transacting insurance business within this State[.]" N.C. Gen. Stat. § 58-10-335(b) (2019). N.C. Gen. Stat. § 58-10-430 governs audits of captive insurance companies

and provides, in relevant part:

> (a) Whenever the Commissioner determines it to be prudent, the Commissioner shall audit a captive insurance company's affairs to ascertain its financial condition, its ability to fulfill its obligations, and whether it has complied with [N.C. Gen. Stat. §§ 58-10-335 through 58-10-655]. . . .
>
> . . . .
>
> (c) *All audit reports, preliminary audit reports or results, working papers, recorded information, documents, and copies thereof produced by, obtained by, or disclosed to the Commissioner or any other person in the course of an audit made under this section are confidential, are not subject to subpoena, and may not be made public by the Commissioner or an employee or agent of the Commissioner.* Nothing in this subsection shall prevent the Commissioner from using such information in furtherance of the Commissioner's regulatory authority under this Chapter. The Commissioner shall have the discretion to grant access to such information to public officials having jurisdiction over the regulation of insurance in any other state or country or to law enforcement officers of this State or any other state or agency of the federal government at any time only if the officials receiving the information agree in writing to maintain the confidentiality of the information in a manner consistent with this subsection.

*Id.* § 58-10-430 (2019) (emphasis added).

¶ 12        Contrary to the trial court's finding, this statute's provision that records "under this section are confidential, are not subject to subpoena, and may not be made public" essentially provides that "records can never be obtained from the [Department]." Additionally, this statute does not contain a provision that "specifically provide[s]

that records requested . . . shall be provided 'upon an order of a court of competent jurisdiction[,]'" nor does this statute incorporate another statute in Chapter 58 that specifically requires disclosure upon court order.[1] The trial court's finding is erroneous.

¶ 13 The conclusion of law based on this finding that "[t]he records requested in Plaintiffs' Subpoena may be produced under Chapter 58 of the North Carolina General Statutes 'upon an order of a court of competent jurisdiction,' notwithstanding assertions of statutory confidentiality by the [Department] or alleged statutory requirements that the information be kept confidential" is thus erroneous as applied to section 58-10-430.

¶ 14 According to the plain language of section 58-10-430, "[a]ll audit reports, preliminary audit reports or results, working papers, recorded information, documents, and copies thereof produced by, obtained by, or disclosed to the Commissioner or any other person in the course of an audit made under [section 58-

---

[1] Section 58-10-345, which sets forth procedures for an entity to apply to be licensed as a captive insurance company, does provide that, "[i]nformation submitted *pursuant to this section* is confidential and may be made public by the Commissioner or the Commissioner's designee only upon an order of a court of competent jurisdiction[.]" N.C. Gen. Stat. § 58-10-345(f) (2019) (emphasis added). According to the plain language of this statute, only information submitted pursuant to N.C. Gen. Stat. § 58-10-345 may be made public "upon an order of a court of competent jurisdiction." This provision is specifically incorporated by other sections of Chapter 58, but it does not serve as a blanket provision for all of Chapter 58. *See* N.C. Gen. Stat. § 58-10-405(b) (2019) ("All other captive insurance companies shall report on forms adopted by the Commissioner. [N.C. Gen. Stat.] 58-10-345(f) shall apply to each report filed pursuant to this section."); N.C. Gen. Stat. § 58-10-415(c2) (2019) ("[N.C. Gen. Stat.] 58-10-345(f) shall apply to all information filed pursuant to this section.").

10-430] are confidential, *are not subject to subpoena*, and may not be made public by the Commissioner or an employee or agent of the Commissioner." N.C. Gen. Stat. § 58-10-430 (emphasis added). As "the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." *Hyler*, 333 N.C. at 262, 425 S.E.2d at 701 (citation omitted). Accordingly, we reverse the portion of the trial court's order requiring the Department to "produce full and complete records to Plaintiffs' counsel pursuant to Plaintiffs' Subpoena and as ordered herein" with respect to documents and items that "are not subject to subpoena" pursuant to N.C. Gen. Stat. § 58-10-430.

**B. N.C. Gen. Stat. § 58-30-62**

Under N.C. Gen. Stat. § 58-30-62, which applies to captive insurance companies licensed under the Captive Insurance Act,[2] "[a]n insurer may be subject to administrative supervision by the Commissioner" if certain conditions arise. N.C. Gen. Stat. § 58-30-62(c) (2019). If the Commissioner determines administrative supervision is necessary, the Commissioner must notify the insurer that it is under the supervision of the Commissioner and give the insurer a written list of the

---

[2] Under N.C. Gen. Stat. § 58-10-475, governing supervision, rehabilitation, and liquidation of captive insurance companies, the terms and conditions set forth in Article 30 of Section 58 shall apply in full, unless otherwise provided, to captive insurance companies licensed under the Captive Insurance Act. N.C. Gen. Stat. § 58-10-475 (2019).

requirements to abate the conditions which led to its supervision.  *Id.* § 58-30-62(d).

> (f) *Notwithstanding any other provision of law and except as set forth in this section, all proceedings, hearings, notices, correspondence, reports, records, and other information in the possession of the Commissioner or the Department relating to the supervision of any insurer are confidential.*  The Department shall have access to such proceedings, hearings, notices, correspondence, reports, records, or other information as permitted by the Commissioner.  The Commissioner may open the proceedings or hearings, or disclose the notices, correspondence, reports, records, or information to a department, agency or instrumentality of this or another state of the United States if the Commissioner determines that the disclosure is necessary or proper for the enforcement of the laws of this or another state of the United States.  The Commissioner may open the proceedings or hearings or make public the notices, correspondence, reports, records, or other information if the Commissioner considers that it is in the best interest of the insurer, its insureds or creditors, or the general public.  This section does not apply to hearings, notices, correspondence, reports, records, or other information obtained upon the appointment of a receiver for the insurer by a court of competent jurisdiction.

N.C. Gen. Stat. § 58-30-62 (emphasis added).

¶ 16        Contrary to the trial court's finding, this statute contains no provision that "specifically provide[s] that records . . . shall be provided 'upon an order of a court of competent jurisdiction'" and does not incorporate another section in Chapter 58 that specifically requires disclosure upon court order.[3]  However, unlike section 58-10-430

---

[3] *See* footnote 1.

and in accordance with the trial court's finding of fact, this statute does not contain a provision that essentially provides that "records can never be obtained from the [Department]" in that section 58-30-62 does not explicitly state that the materials under this section "are not subject to subpoena." Had the legislature intended for materials to be protected from subpoena, it could have explicitly done so as it did in section 58-10-430 and various other provisions of Chapter 58.[4]

¶ 17    The legislature established that the Commissioner "shall be a public office[,]" and its "records, reports, books and papers thereof on file therein shall be accessible to the inspection of the public[.]" N.C. Gen. Stat. § 58-2-100 (2019). Any exception to the public's accessibility to otherwise public records should be construed narrowly. *DTH Media Corp. v. Fult,* 374 N.C. 292, 301, 841 S.E.2d. 251, 258 (2020) (quotation marks and citation omitted).

¶ 18    The Department cites no authority supporting the proposition that labeling materials confidential, without more, bars those materials from being produced upon an order of a court of competent jurisdiction. Our courts routinely deal with confidential information and have the ability to ensure the information is not used improperly. *See, i.e.*, N.C. Gen. Stat. § 1A-1, Rule 26(c) (2019) (allowing trial courts to seal depositions and filed court documents to be opened as directed by the court);

---

[4] *See* N.C. Gen. Stat. §§ 58-2-132(f), 58-10-175(b), 58-10-430(c), 58-10-735(a), 58-10-780(a), 58-12-35(a), 58-19-40(a), 58-33-56(h), 58-58-50(j)(10), 58-58-268(c), 58-58-280(a), 58-71-115(c).

N.C. Gen. Stat. § 1A-1, Rule 45(c)(2) ("Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial.") N.C. Gen. Stat. § 1A-1, Rule 45(c)(7) ("When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information . . . the court may order a person to . . . produce the materials only on specified conditions stated in the order.").

¶ 19    Essentially, the Department is asking this Court to add an additional provision to section 58-30-62 that materials under this section "are not subject to subpoena." It is our duty to "give effect to the words actually used in a statute" and we cannot insert "words not used." *Watterson*, 198 N.C. App. at 505, 679 S.E.2d at 900. The conclusion of law that "[t]he records requested in Plaintiffs' Subpoena may be produced under Chapter 58 of the North Carolina General Statutes 'upon an order of a court of competent jurisdiction,' notwithstanding assertions of statutory confidentiality by the [Department] or alleged statutory requirements that the information be kept confidential" is not erroneous.[5]

---

[5] The Department asked the trial court to subject certain records "to a protective order issued by the Court maintaining the confidentiality of the information" in the event that the records were "reviewed by the Court or admitted as evidence[.]" The trial court did not rule upon that request.

Accordingly, we affirm the portion of the trial court's order requiring the Department to "produce full and complete records to Plaintiffs' counsel pursuant to Plaintiffs' Subpoena and as ordered herein" with respect to documents and items listed in N.C. Gen. Stat. § 58-30-62.

## V.    Conclusion

The trial court erred by ordering the disclosure of certain documents pursuant to N.C. Gen. Stat. § 58-10-430. The trial court did not err by ordering the disclosure of certain documents pursuant to N.C. Gen. Stat. § 58-30-62. We thus reverse the trial court's order in part and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges ARROWOOD and GORE concur.