W. W. YEARGIN v. HARVEY SPURR, JR.

No. 859DC563

(Filed 3 December 1985)

1. **Trover and Conversion § 4— conversion of cows—verdict supported by evidence**

   The evidence was sufficient to support the jury verdict awarding defendant $1,000 for plaintiff's conversion of two of defendant's cows. N.C.G.S. 1A-1, Rule 59(a)(7).

2. **Rules of Civil Procedure § 50— sufficiency of evidence—waiver of right to challenge**

   Plaintiff waived his right to challenge the sufficiency of the evidence to support defendant's counterclaim for punitive damages where he did not move for a directed verdict or judgment notwithstanding the verdict. N.C.G.S. 1A-1, Rule 50.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 30 November 1984 in District Court, GRANVILLE County. Heard in the Court of Appeals 20 November 1985.

This is a civil action wherein plaintiff seeks to recover damages for intentional infliction of emotional distress, lost profits, and punitive damages. Defendant filed a counterclaim wherein he seeks actual and punitive damages for plaintiff's conversion of two of his cows.

At trial plaintiff presented evidence tending to show the following: In June 1981 he moved his herd, consisting of about 170

cows and calves, into a pasture adjacent to defendant's herd. On 3 July 1981 plaintiff saw that defendant's bull was in his pasture. Subsequently, plaintiff's cows stampeded, and several cows mixed in with defendant's herd. Defendant accused plaintiff of stealing his bull, and told plaintiff that he had plaintiff's cow and calf. Plaintiff believed that defendant had taken his cow and calf as "ransom" for the bull. Plaintiff took back his cow and calf pursuant to a claim and delivery action.

Ten days later, defendant told plaintiff that two of his cows were missing. Plaintiff testified that he was sure that all the cows in his herd were his own, and he did not have defendant's cows. Plaintiff gave defendant back his bull.

At the close of plaintiff's evidence the court ruled that plaintiff could recover damages only for the weight loss suffered by his feeder calf herd due to moving them to a different pasture.

Defendant presented the following evidence: On 4 July 1981 he discovered that two of his cows and his bull were missing, and he had four cows and four calves that did not belong to him. He thought that the extra cows and calves belonged to plaintiff because the fence between their pastures was broken. Defendant told him about the extra cows, and when he arrived home that evening someone had taken the cows and calves and opened the fence to the adjoining pasture. Later that week, defendant's son saw their two missing cows in plaintiff's herd. On 11 July 1981 defendant saw plaintiff's cow and calf trying to get into his pasture. He let them in his corral. On 21 July defendant told plaintiff that plaintiff still had his two cows. Plaintiff told defendant that defendant had his cow and calf. On 11 August the sheriff took plaintiff's cow and calf from defendant's pasture. The next day defendant and his son met the sheriff in plaintiff's pasture, and they marked defendant's two cows. Defendant testified that his two cows were worth $1,000.00.

The following issues were submitted to and answered by the jury:

1. Did Mr. Spurr perform any act or acts consisting of extreme and outrageous conduct which were intended by him to cause emotional distress or did Mr. Spurr act with a

reckless indifference to likelihood that his acts could cause severe emotional distress to Mr. Yeargin?

ANSWER: No.

2. Did Mr. Yeargin suffer severe emotional distress as a result of Mr. Spurr's conduct?

ANSWER:

3. If you answered each of the above questions Yes, what amount, if any, is Mr. Yeargin entitled to recover from Mr. Spurr as a result thereof?

ANSWER:

4. If you awarded some amount of actual damages to Mr. Yeargin, in your discretion what amount of punitive damages, if any, should be awarded to Mr. Yeargin?

ANSWER:

5. Did Mr. Yeargin convert one or more of Mr. Spurr's cows?

ANSWER: Yes.

6. If you answered the above question Yes what amount of damage, if any, is Mr. Spurr entitled to recover of Mr. Yeargin?

ANSWER: $1000.00.

7. If you awarded some amount of damages to Mr. Spurr, in your discretion what amount of punitive damages, if any, should be awarded to Mr. Spurr?

ANSWER: $6500.00

From the judgment entered on the verdict, plaintiff appealed.

*Edmundson & Catherwood, by R. Gene Edmundson, and John W. Watson, Jr., for plaintiff, appellant.*

*Thomas L. Currin for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Plaintiff first argues that the trial court erred in denying his motion to set aside the verdict of actual damages because such damages were not supported by the greater weight of the evidence. Plaintiff is not contending that the evidence was insufficient to go to the jury, such challenge must be made through a motion for a directed verdict. Instead, he is contending that the evidence did not support the verdict of $1,000.00 because no evidence of the fair market value of the cows was presented at trial, and his motion under G.S. 1A-1, Rule 59 should have been granted.

G.S. 1A-1, Rule 59(a)(7) provides that a new trial may be granted on the grounds of insufficiency of the evidence to justify the verdict. A motion under this rule is addressed to the sound discretion of the trial judge, whose ruling, absent abuse of discretion, shall not be disturbed on appeal. *Goble v. Helms*, 64 N.C. App. 439, 307 S.E. 2d 807 (1983), *disc. rev. denied*, 310 N.C. 625, 315 S.E. 2d 690 (1984). "[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 482, 290 S.E. 2d 599, 602 (1982). There was evidence at trial that the cows were worth $1,000.00. Plaintiff has not shown any abuse of discretion in Judge Allen's denial of his motion.

In his next assignment of error plaintiff argues that the trial court erred in denying his motion to set aside the award of punitive damages.

[2] In general, punitive damages are allowed in a tort action where the tortious conduct is accompanied by an element of aggravation, such as fraud, malice, recklessness, oppression, insult, rudeness, caprice or willfulness. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). Plaintiff contends that there was no evidence of any of these elements of aggravation introduced at trial. The only procedure by which the adverse party can challenge the sufficiency of the evidence to go to the jury is by a motion for directed verdict under G.S. 1A-1, Rule 50. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). Plaintiff did not move for a

directed verdict or judgment notwithstanding the verdict; there-fore, he has waived his right to challenge the sufficiency of the evidence to support defendant's counterclaim for punitive dam-ages. This assignment of error is overruled.

For the reasons stated above, the judgment of the trial court is

Affirmed.

Judges WHICHARD and JOHNSON concur.