CAMERON W. CANTWELL v. JANET A. CANTWELL

No. 9228DC184

(Filed 16 March 1993)

**Divorce and Separation § 203 (NCI4th)— alimony—adultery— privilege against self-incrimination**

The trial court properly gave defendant the choice of shielding herself from criminal charges by refusing to answer questions regarding her alleged adultery and in so doing abandon her alimony claim, or waiving her privilege and pursuing her claim where plaintiff-husband filed an action for divorce; defendant-wife asserted a counterclaim for alimony based on abandonment and adultery; plaintiff-husband asserted defendant's adultery as an affirmative defense; and defendant asserted her privilege against self-incrimination while being deposed. A party has a right to seek affirmative relief in the courts, but if in the course of her action she is faced with the prospect of answering questions which might tend to incriminate her, she must either answer those questions or abandon her claim.

**Am Jur 2d, Divorce and Separation §§ 641, 643-647.**

**Adulterous wife's right to permanent alimony. 86 ALR3d 97.**

**Allowance of permanent alimony to wife against whom divorce is granted. 34 ALR2d 313.**

**Fault as consideration in alimony spousal support, or property division awards pursuant to no-fault divorce. 86 ALR3d 1116.**

Appeal by defendant from Order entered 2 December 1991 by Judge Gary S. Cash in Buncombe County District Court. Heard in the Court of Appeals 2 February 1993.

*Dennis J. Winner, P.A., by Dennis J. Winner, for plaintiff-appellee.*

*Gum & Hillier, P.A., by Howard L. Gum, and Carter & Kropelnicki, P.A., by Steven Kropelnicki, Jr., for defendant-appellant.*

CANTWELL v. CANTWELL

[109 N.C. App. 395 (1993)]

WYNN, Judge.

The plaintiff, Cameron Cantwell, filed an action for absolute divorce against the defendant, Janet Cantwell, in June 1991. The defendant, in turn, filed an Answer admitting the divorce allegations and asserting a counterclaim for alimony. In her counterclaim, she alleged that she had been a dutiful and faithful wife to the plaintiff and that without excuse or provocation he had abandoned her on 3 October 1983. The defendant also alleged, in support of her right to alimony, that the plaintiff had committed adultery.

The plaintiff denied the allegations contained in the defendant's counterclaim and also asserted, as an affirmative defense, that the defendant was barred from receiving alimony because of her own adulterous activity. While being deposed by the plaintiff's counsel in September 1991, the defendant was asked: "Since the time of the separation with what male person have you socialized with in any way on an individual basis." In response, she asserted her privilege against self-incrimination and refused to answer that question or any other questions attempting to establish that she had committed adultery. The plaintiff then filed a motion to compel her to answer.

At a hearing on the motion to compel, the parties stipulated that counsel for the plaintiff intended to continue his attempt to elicit from the defendant evidence of her adultery and that the defendant intended to continue to assert her privilege against self-incrimination. The trial court entered an Order in which it found that the defendant had a right to invoke her privilege but that in so doing she waived her right to assert a claim for alimony. Consequently, the trial court ordered that the alimony claim be stricken from the defendant's counterclaim and dismissed.

From that Order, the defendant appeals.

---

The sole issue on appeal is whether the trial court committed reversible error in striking the defendant's alimony counterclaim and dismissing that claim. The defendant argues that she has the right to exercise her privilege against self-incrimination, and that the action by the trial court violates her rights under the Constitution of the United States and the North Carolina Constitution. We agree that the defendant had a right to exercise her privilege,

CANTWELL v. CANTWELL

[109 N.C. App. 395 (1993)]

but disagree that the trial court's action violated her constitutional rights.

The constitutional privilege against self-incrimination assures all individuals that they will not be compelled to give testimony which will tend to incriminate them or which will tend to subject them to fines, penalties or forfeiture. *Allred v. Graves*, 261 N.C. 31, 35, 134 S.E.2d 186, 190 (1964). Under the laws of our state, adultery constitutes a misdemeanor, and testimony from the defendant regarding her alleged adulterous relationships could subject her to criminal prosecution. *See* N.C. Gen. Stat. § 14-184 (1986). Therefore, the defendant could properly invoke the privilege in the course of her deposition testimony. *See* N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (1990) (in a civil action parties may obtain discovery regarding relevant matters except those that are privileged).

While we recognize that the defendant in the present case had the right to invoke her privilege against self-incrimination, "[t]he interests of the other party and regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege . . . ." *Brown v. United States*, 356 U.S. 148, 156, 2 L.Ed.2d 589, 597 *reh'g denied*, 356 U.S. 948, 2 L.Ed.2d 822 (1958) (a party witness in a criminal case cannot present testimony on direct examination and then invoke the privilege on cross-examination); *see also Pulawski v. Pulawski*, 463 A.2d 151, 157 (R.I. 1983) (as between private litigants, the privilege against self-incrimination must be weighed against the right of the other party to due process and a fair trial). The privilege against self-incrimination is intended to be a shield and not a sword. *Pulawski*, 463 A.2d at 157; *Christenson v. Christenson*, 162 N.W.2d 194, 200 (Minn. 1968). Therefore, "if a plaintiff seeks affirmative relief or a defendant pleads an affirmative defense[,] he should not have it within his power to silence his own adverse testimony when such testimony is relevant to the cause of action or the defense." *Christenson*, 162 N.W.2d at 200 (citation omitted).

No North Carolina case speaks directly to this issue at bar. However, the *Christenson* decision contains an extensive examination of the relevant case law from various other jurisdictions, and for that reason, we find it persuasive. In that case, the plaintiff brought an action in divorce charging the defendant with cruel and inhuman treatment and seeking custody of the parties' minor

children, alimony, support money, property division and attorney's fees. During the discovery period, the plaintiff refused to answer oral deposition questions regarding her alleged adultery on the grounds that her answers might incriminate her. The *Christenson* Court recognized that "[w]hile plaintiff cannot be compelled to waive her privilege against self-incrimination, . . . she must either waive it or have her action dismissed." *Id.* at 204. To find otherwise and "permit plaintiffs to invoke the powers of this court for the purpose of seeking redress and, at the same time, . . . permit plaintiffs to fend off questions, the answers to which may constitute a valid defense or materially aid the defense" would constitute "uneven justice." *Id.* at 202 (citation omitted). Likewise, we recognize that a party has a right to seek affirmative relief in the courts, but if in the course of her action she is faced with the prospect of answering questions which might tend to incriminate her, she must either answer those questions or abandon her claim.

Consequently, the defendant in the present case was properly given the choice to either shield herself from criminal charges by refusing to answer questions regarding her alleged adultery, and in so doing abandon her alimony claim, or waive her privilege and pursue her claim. As such, an equitable balance was created between the defendant's right to assert her privilege and the plaintiff's right to defend himself from the defendant's counterclaim.

For the foregoing reasons, the decision of the trial court is,

Affirmed.

Judges Eagles and Martin concur.