JAMIL QURNEH, Plaintiff v. LORRI-ANN GAIL COLIE, Defendant; JEAN BOOTH PROCTOR and JAMES BERNICE PROCTOR, SR., Intervenors-Defendants

No. COA95-876

(Filed 4 June 1996)

1. **Divorce and Separation § 350 (NCI4th); Parent and Child § 24 (NCI4th)— parent's drug involvement—pleading Fifth Amendment privilege—dismissal of custody claim appropriate**

Dismissal of the father's claim for child custody is an appropriate remedy where the father exercised his Fifth Amendment

QURNEH v. COLIE

[122 N.C. App. 553 (1996)]

right against self-incrimination in response to questions concerning his alleged involvement with illegal drug activity, since to allow the father to take advantage of the presumption that a natural parent should have custody while curtailing the opposing party's ability to prove him unfit would not promote the interest and welfare of the child, and the withholding of such information prevents the court from determining the party's fitness.

**Am Jur 2d, Divorce and Separation §§ 974, 979, 980; Parent and Child § 26.**

**Parent's use of drugs as factor in award of custody of children, visitation rights, or termination of parental rights. 20 ALR5th 534.**

2. **Divorce and Separation § 357 (NCI4th)— plaintiff's custody claim dismissed—subsequent findings of unfitness not irrelevant**

Though plaintiff's claim for custody had been dismissed at the time the trial court entered an order awarding custody to the intervenor grandparents, it was entirely appropriate for the court to make findings related to plaintiff's fitness for custody, since the trial court did not strike plaintiff's testimony when he dismissed plaintiff's claim; plaintiff remained a party with regard to defendant's counterclaim; and to support an order of custody, the trial court was required to make findings of fact as to the characteristics of the competing parties.

**Am Jur 2d, Divorce and Separation § 980.**

**Award of custody of child where contest is between child's parents and grandparents. 31 ALR3d 1187.**

3. **Pleadings § 374 (NCI4th)— amendment of pleadings—allegation of unfitness—no abuse of discretion**

The trial court did not abuse its discretion by allowing defendant to amend her pleadings in a child custody action to allege plaintiff's unfitness. N.C.G.S. § 1A-1, Rule 15(a).

**Am Jur 2d, Pleading § 323.**

QURNEH v. COLIE

[122 N.C. App. 553 (1996)]

4. **Evidence and Witnesses § 2403 (NCI4th)— witness added to defendant's list—opportunity for plaintiff to prepare for trial**

> There was no merit to plaintiff's contention that the addition of a police detective as a potential witness less than a week before trial denied plaintiff a meaningful opportunity to depose the witness or adequately prepare for cross-examination since plaintiff was given the detective's name and a summary of his potential testimony prior to trial; plaintiff's counsel communicated with the witness and the information obtained formed the basis of some cross-examination; and plaintiff did not attempt further discovery.

**Am Jur 2d, Witnesses §§ 60 et seq.**

**Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery. 19 ALR3d 1114.**

Appeal by plaintiff from orders entered 10 April and 25 April 1995 by Judge Sol G. Cherry in Orange County District Court. Heard in the Court of Appeals 18 April 1996.

Plaintiff and defendant are the biological parents of Lacy Alexandra Proctor-Qurneh, born November 25, 1987. The child's maternal grandparents, Jean Booth Proctor and James Bernice Proctor intervened in this action.

Plaintiff is a legal alien who first came to the United States in 1980 from Israel to attend college at Shaw University. Later, he transferred to North Carolina State University where he received a degree in civil engineering. Following graduation in the fall of 1986, plaintiff began seeing defendant and on 25 November 1987 she gave birth to a child. After a paternity test, plaintiff obtained an order legitimizing the child and signed a custody agreement granting plaintiff sole custody. In the fall of 1989, both plaintiff and defendant consented to the child living with the intervenors.

In the summer of 1993, plaintiff communicated with the intervenors regarding his desire to spend more time with the child. When intervenors rejected this suggestion, plaintiff filed his complaint for custody. The defendants filed an answer and counterclaim requesting custody of the child. Later, defendants were granted leave to amend their answer to allege plaintiff's unfitness.

During the trial, intervenors' counsel questioned plaintiff regarding illegal drug use, trafficking and other drug involvement. Plaintiff invoked his fifth amendment privilege against self-incrimination a total of nineteen times in response to these questions.

Defendant called Detective Richard Johnson of the Wake County Sheriff's Department as a witness. He testified that the plaintiff was under surveillance for several months prior to his arrest for multiple drug charges including possession and trafficking of cocaine. Detective Johnson stated that the investigation of the plaintiff confirmed his opinion that plaintiff was a mid to upper level dealer and trafficker in cocaine. Later, all charges were dismissed when plaintiff agreed to cooperate with law enforcement as an informant. Detective Johnson testified that plaintiff's ability to be an effective informant was dependent upon his ability to negotiate drug buys and his continued involvement in the drug world.

At the close of the evidence, the court granted intervenors' motion to dismiss plaintiff's claim for custody. Then the court considered the defendant's counterclaim and awarded custody to the intervenors with the plaintiff having visitation rights with the child.

*Lewis & Anderson, P.C., by Susan H. Lewis and Christina L. Goshaw, for plaintiff-appellant.*

*Lunsford Long for defendant-appellee.*

*Foil Law Offices, by N. Joanne Foil and Susannah P. Holloway, for intervenors-defendants-appellees.*

WALKER, Judge.

In his brief, plaintiff presents numerous arguments relating to the trial court's dismissal of his claim for custody. Due to the overlapping nature of these arguments, we will address these issues together. Plaintiff's arguments, regarding amendment of defendant's pleading, admission of Detective Johnson's testimony, and the denial of plaintiff's motion for a new trial, will be addressed in Sections II, III, and IV respectively. We note that the remaining assignments of error which plaintiff failed to argue in his brief have been deemed abandoned. *State v. Davis,* 68 N.C. App. 238, 245, 314 S.E.2d 828, 833 (1984); N.C. App. R. 28(b)(5) (1995).

QURNEH v. COLIE

[122 N.C. App. 553 (1996)]

## I.

**[1]** We now turn to the question of whether the trial court erred by dismissing plaintiff's claim for custody where he asserted his fifth amendment privilege in response to questions concerning his alleged involvement with illegal drug activity. Plaintiff contends that he had the right to exercise the privilege against self-incrimination and that the trial court's action violated his constitutional right to due process. Further, plaintiff argues that the trial court abused its discretion when it dismissed plaintiff's claim because there were less drastic measures available which would have accommodated the parties' interests and protected plaintiff's constitutional privilege against self-incrimination.

The fifth amendment privilege against self-incrimination protects an individual from being compelled to give testimony which may incriminate him/her or which might subject him/her to fines, penalties, or forfeiture. *Allred v. Graves*, 261 N.C. 31, 35, 134 S.E.2d 186, 190 (1964). We agree that the plaintiff had a right to exercise this privilege, but disagree that the trial court's action violated his constitutional rights.

The precise question presented by this appeal is whether dismissal of a party's claim for custody is an appropriate remedy where the party exercises his/her fifth amendment right. A related issue was addressed by our Court in the case of *Cantwell v. Cantwell*, 109 N.C. App. 395, 427 S.E.2d 129 (1993).

In *Cantwell,* the defendant-wife filed a counterclaim for alimony on the grounds of abandonment. The plaintiff-husband denied the allegations and further argued that the defendant-wife was barred from receiving alimony because she committed adultery. The defendant-wife asserted her fifth amendment privilege and refused to answer any questions regarding her alleged adultery. This Court dismissed defendant-wife's counterclaim for alimony stating:

> the defendant in the present case was properly given the choice to either shield herself from criminal charges by refusing to answer questions regarding her alleged adultery, and in so doing abandon her alimony claim, or waive her privilege and pursue her claim. As such, an equitable balance was created between the defendant's right to assert her privilege and the plaintiff's right to defend himself from the defendant's counterclaim.

*Cantwell*, 109 N.C. App. at 398, 427 S.E.2d at 131. Thus, the language of *Cantwell* suggests that a balancing test should be employed to determine the appropriate remedy where a party has asserted his/her fifth amendment privilege.

Plaintiff argues that the trial court failed to properly balance the interests of the parties. Specifically, plaintiff contends that the remedy used by the trial court in *Cantwell* is inappropriate in the present case because the nature of the interests involved are substantially different from those involved in *Cantwell*. Plaintiff maintains that, unlike *Cantwell*, his refusal to testify did not preclude the opposing party from presenting a defense to his claim. According to the plaintiff, his alleged drug activity is only one of many factors which the court could consider in determining his fitness.

The privilege against self-incrimination is intended to be a shield and not a sword. *Christenson v. Christenson*, 162 N.W.2d 194, 200 (Minn. 1968). Here, the plaintiff attempted to assert the privilege as both a shield and a sword.

In an initial custody hearing, it is presumed that it is in the best interest of the child to be in the custody of the natural parent if the natural parent is fit and has not neglected the welfare of the child. *Peterson v. Rogers*, 337 N.C. 397, 403-404, 445 S.E.2d 901, 905 (1994). Plaintiff sought to take advantage of this presumption by introducing evidence of his fitness. *See Wilson v. Wilson*, 269 N.C. 676, 677, 153 S.E.2d 349, 351 (1967) (holding that in order to be entitled to this presumption, the natural parent must make a showing that he or she is fit). However, when the defendant sought to rebut this presumption by questioning the plaintiff regarding his illegal drug activity, the plaintiff asserted his fifth amendment privilege. To allow plaintiff to take advantage of this presumption while curtailing the opposing party's ability to prove him unfit would not promote the interest and welfare of the child. N.C. Gen. Stat. § 50-13.2(a) (1995).

In a related argument, plaintiff contends that the trial court improperly concluded that it could not determine plaintiff's fitness. A trial court's inability to determine the fitness of a parent is an adequate basis for not awarding custody to that parent. *In re Custody of Stancil*, 10 N.C. App. 545, 549, 179 S.E.2d 844, 847 (1971). In this State, evidence of a parent's prior criminal misconduct is relevant to the question of the parent's fitness. *Smithwick v. Frame*, 62 N.C. App. 387, 392, 303 S.E.2d 217, 221 (1983). Due to the plaintiff's refusal to

answer questions regarding illegal drug use, trafficking and other drug involvement, the trial court was unable to consider pertinent information in determining plaintiff's fitness. As a policy matter, issues such as custody should only be decided after careful consideration of all pertinent evidence in order to ensure the best interests of the child are protected. Plaintiff's decision not to answer certain questions relating to his past illegal drug activity by invoking his fifth amendment privilege prevented the court from determining his fitness and necessitated the dismissal of his claim.

[2] Plaintiff also assigns error to numerous findings and conclusions contained in the court's order awarding custody to the defendants-intervenors. At the time the court entered this order, the plaintiff's claim for custody had been dismissed. As such, plaintiff contends that the findings and conclusions relating to his fitness were irrelevant. We disagree.

While the trial judge dismissed plaintiff's claim for custody, he did not strike plaintiff's testimony and plaintiff remained a party with regard to defendant's counterclaim. Furthermore, to support an order of custody

> [f]indings of fact as to the characteristics of the competing parties must be made to support the necessary conclusion of law. These findings may concern physical, mental, or financial fitness or any other factors brought out by the evidence and relevant to the issue of the welfare of the child.

*Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E.2d 466, 468 (1978). Thus, it was entirely appropriate for the court to make findings related to the plaintiff's fitness for custody.

Plaintiff also argues that the trial court's order improperly shifts the burden of proof to the plaintiff with regard to the issue of fitness. In dismissing plaintiff's complaint, the court concluded that "by reason of Plaintiff's exercise of his Fifth Amendment privilege, the Court is not able to determine that the Plaintiff is a fit and proper person to have custody of the minor child." Then the court considered the defendant's counterclaim and awarded custody to the defendants-intervenors finding that the plaintiff failed to prove that he is a fit and proper person to have custody.

While plaintiff is correct that there is a presumption that it is in the best interests of the child to be in the custody of the natural par-

ent, the natural parent must make a *prima facie* showing of fitness to be entitled to this presumption. *Wilson v. Wilson*, 269 N.C. 676, 677, 153 S.E.2d 349, 351 (1967). We interpret the second order to mean that the plaintiff failed to make a *prima facie* showing that he was fit when he declined to answer questions on cross-examination relating to his fitness. Thus, where the defendant has failed to make such showing and the court cannot determine plaintiff's fitness because of his assertion of the fifth amendment, the court acted properly in dismissing plaintiff's claim for custody and awarding custody to the intervenors. Accordingly, these assignments of error are overruled.

## II.

[3] Next, we address plaintiff's argument that the trial court erred by allowing defendant to amend her pleadings to allege unfitness. A motion to amend is addressed to the discretion of the trial court and is not reviewable on appeal absent a showing of abuse of discretion. *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984).

Here, defendant moved to amend her answer pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). Rule 15(a) provides that "leave shall be freely given when justice so requires." Upon careful consideration, we find that the trial court did not abuse its discretion by allowing defendant to amend her pleadings.

## III.

[4] In his brief plaintiff also argues that the court erred by admitting the testimony of Detective Johnson which was the only evidence regarding plaintiff's alleged prior drug activity. Plaintiff contends that the addition of Detective Johnson as a potential witness less than a week before trial denied plaintiff a meaningful opportunity to depose Detective Johnson or adequately prepare for cross-examination.

The record shows that immediately upon discovering that Detective Johnson was one of the arresting officers, defendants-intervenors supplemented their answers to plaintiff's interrogatories. Thus, plaintiff was given Detective Johnson's name and a summary of his potential testimony prior to trial regarding plaintiff's involvement in illegal drug activity. Plaintiff's counsel then communicated with Detective Johnson and the information obtained formed the basis of some of the cross-examination of Detective Johnson. Plaintiff did not attempt further discovery regarding Detective Johnson's testimony. In sum, we find no abuse of discretion by the trial court.

IN RE ALLRED

[122 N.C. App. 561 (1996)]

IV.

In his last argument, plaintiff contends that the trial court erred by denying his motion for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 (1990). Specifically, plaintiff argues that he was entitled to a new trial because the judgment was based on erroneous facts. According to the plaintiff, the court believed that plaintiff had actually been convicted of drug trafficking charges when in fact all charges had been dismissed.

A motion for a new trial under this rule is addressed to the trial judge whose ruling will not be reversed absent an abuse of discretion. *Yeargin v. Spurr*, 78 N.C. App. 243, 246, 336 S.E.2d 680, 681-682 (1985). Upon careful review of the judge's findings in this case, we see no evidence indicating that the judge believed plaintiff was convicted for trafficking charges. To the contrary, the record shows only that the plaintiff was arrested for drug trafficking and that the charges were later dismissed. In sum, the trial court did not abuse its discretion by denying plaintiff's motion for a new trial. Accordingly, the trial court's orders are

Affirmed.

Judges JOHNSON and WYNN concur.