JAMES LLOYD SUGG, JR., v. MARTHA SUGG FIELD, WILLIAM STEPHENSON, AND KATHERINE BROWN

No. COA99-888

(Filed 18 July 2000) .

### 1. Civil Procedure— consolidation of actions—discovery—judicial notice of similar proceedings

Although plaintiff contends the trial court erred by effectively consolidating this civil action for trespass and invasion of privacy with the caveat action involving the same parties for purposes of discovery and dismissal, there was no consolidation of the two actions since: (1) the trial judge simply took notice of relevant proceedings in the caveat action as they related to similar proceedings in this action; and (2) a court may take judicial notice of its own records in an interrelated proceeding involving the same parties.

### 2. Discovery— failure to comply—assertion of privilege against self-incrimination

The trial court did not err by striking the pleadings and dismissing all claims for trespass upon plaintiff's property and chattels, conversion, invasion of privacy by intrusion upon seclusion, intentional and/or negligent infliction of emotional distress, and civil conspiracy, because the trial court balanced plaintiff's right to assert his privilege against self-incrimination as opposed to defendants' due process rights to defend against his allegations and determined that defendants' rights were unduly prejudiced without access to the information concerning the location of certain tapes during the pendency of this action which plaintiff refused to divulge during discovery.

Appeal by plaintiff from order entered 27 January 1999 by Judge Wade Barber, Jr., in Wake County Superior Court. Heard in the Court of Appeals 19 April 2000.

*Howard, Stallings, From & Hutson, P.A., by E. Cader Howard and Christopher K. Behm, for plaintiff-appellant.*

*Stam, Fordham & Danchi, P.A., by Henry C. Fordham, Jr., and Theodore S. Danchi, for defendant-appellee Field.*

**SUGG v. FIELD**

[139 N.C. App. 160 (2000)]

*Akins, Hunt & Fearon, P.L.L.C., by Donald G. Hunt, Jr., for defendant-appellee Stephenson.*

*Massengill & Bricio, P.L.L.C., by Francisco J. Bricio, for defendant-appellee Brown.*

MARTIN, Judge.

Plaintiff filed this action on 8 July 1998, asserting claims for trespass upon his property and chattels, conversion, invasion of privacy by intrusion upon seclusion, intentional and/or negligent infliction of emotional distress, and civil conspiracy. Specifically, plaintiff alleged that on two occasions in February 1997 and on another unspecified date, defendants went upon real property which was in his possession and used as his residence, searched the residence, and removed a number of videotapes belonging to plaintiff. He alleged defendants copied the tapes and published them to others, resulting in extreme embarrassment and emotional distress to plaintiff. He sought compensatory and punitive damages, as well as return of the videotapes, and attorneys' fees.

All defendants filed answers responding to the specific allegations of the complaint and asserting affirmative defenses. In her answer, defendant Field, who is plaintiff's sister, admitted that in February 1997, she had gone into a barn on property owned by her father and uncle, and had removed several pornographic videotapes which were being stored on the property. She also admitted that she had shown the videotapes to members of her family, and asserted that she returned the videotapes to the place where she had found them shortly thereafter.

At the same time this action was pending, there was also pending in the Superior Court of Wake County a caveat proceeding, *In the matter of the Will of JAMES LLOYD SUGG, SR., Deceased* (98 SP 0020), filed by defendant Field, in which she challenged a paper writing dated 26 February 1997 purporting to be the will of plaintiff's and defendant Field's father. Plaintiff was the sole beneficiary under the will. Superior Court Judge Wade Barber presided over all of the discovery proceedings in both the caveat proceeding and this action.

Beginning in April 1998, in the caveat proceeding, defendant Field sought to discover information from plaintiff about the videotapes and a person depicted therein; on 12 August 1998, the trial court entered an order compelling plaintiff to provide the informa-

tion requested by Field's discovery and to produce the videotapes on or before 19 August 1998. Plaintiff did not produce the tapes as ordered and claimed they had been stolen from him within the preceding sixty days.

Defendant Field also sought discovery with respect to the videotapes in the present action. On 7 October 1998, plaintiff refused, at his deposition, to answer any questions with regard to the content of the videotapes other than to say that he had produced them, that they depicted sexually explicit activity, and included other persons named "Holly" and "Stephanie," as well as plaintiff. He testified that most of the videotapes taken in February 1997 had been returned to him in June 1997, and that he had thereafter put them in his barn and had not seen them since June 1998. He testified that he had discovered them missing about 20 August 1998, that he had neither removed the videotapes from the barn nor destroyed them, and that he did not know what had happened to them.

Defendant Field moved for sanctions in the caveat proceedings for plaintiff Sugg's failure to produce the videotapes as ordered. Judge Barber continued the hearing until 5 November 1998; at that time plaintiff continued to deny the videotapes were in his possession or subject to his control. The hearing was further continued to 10 November 1998. On 9 November, an attorney appeared in Judge Barber's court *ex parte* and delivered a box containing the videotapes. The attorney declined to identify his client. The following day, plaintiff Sugg authenticated the tapes as being those to which the court's order was directed, but Sugg's attorney declined to disclose to the court as to whether he knew from where the tapes had come.

Defendant Field also moved for an order compelling discovery in the present action. On 8 December 1998, Judge Barber entered an order in this case in which he ordered plaintiff Sugg to reconvene his deposition, to answer questions concerning the tapes, and, as to any videotapes which are the subject of the present action, to answer questions related to the possession, custody and control of such tapes. On 16 December, the deposition was reconvened. When asked if he had possession, custody or control of any of the tapes at the time of his earlier deposition, Sugg invoked his Fifth Amendment privilege against self-incrimination. He continued to assert the privilege when asked if the tapes had been in his possession, custody or control at any time between the 7 October deposition and the time when they were delivered to Judge Barber's courtroom on 9 November, as well as to questions relating to possession of the tapes since June 1998 and

SUGG v. FIELD

[139 N.C. App. 160 (2000)]

the identity of persons to whom he had spoken about the tapes between June and November 1998.

Defendants moved to dismiss the action based on plaintiff's refusal to disclose information relevant and material to his case against defendants. The motion was heard by Judge Barber, who entered an order containing detailed findings of fact with respect to plaintiff Sugg's responses to discovery in both the caveat proceeding and this proceeding. Judge Barber found that plaintiff Sugg's testimony with respect to his inability to produce the videotapes due to their theft was "incredulous and not truthful," that information relating to the possession, custody and control of the videotapes was "critical, essential, and material evidence" to the present case, and that plaintiff Sugg's continued assertion of his privilege against self-incrimination, while lawful, was prejudicial to the rights of defendants and their ability to defend the present action. He entered an order striking plaintiff Sugg's pleadings and dismissing this action. Plaintiff appeals.

The record on appeal contains thirty-seven separate assignments of error; plaintiff presents two arguments in support of seven of them. All remaining assignments of error are deemed abandoned. N.C.R. App. P. 28(a), 28(b)(5).

[1] Initially, we consider plaintiff's contention that the trial court erred by "effectively consolidating this civil action with the caveat action for purposes of discovery and dismissal." He bases his argument upon the trial court's statement, in its order dismissing this action, that "[t]he proceedings in this matter must be considered in conjunction with relevant and related proceedings in the Caveat," and its findings with respect to plaintiff's conduct in the discovery proceedings in this action as well as the caveat proceeding. Plaintiff argues the two actions were insufficiently similar to justify consolidation.

Plaintiff's argument must fail. There was no consolidation of the two actions; Judge Barber, who presided over the discovery proceedings in both actions, simply took notice of relevant proceedings in the caveat action as they related to similar proceedings in this action, and plaintiff's conduct and representations with respect to each. It is well established that a court of this State may take judicial notice of its own records in an interrelated proceeding involving the same parties. See West v. G.D. Reddick, Inc., 302 N.C. 201, 274 S.E.2d 221 (1981);

*State v. Patton*, 260 N.C. 359, 132 S.E.2d 891 (1963), *cert. denied*, 376 U.S. 956, 11 L.Ed.2d 974 (1964); *Bizzell v. Insurance Co.*, 248 N.C. 294, 103 S.E.2d 348 (1958); N.C. Gen. Stat. § 8C-1, Rule 201. The present case and the caveat proceeding both involve plaintiff and defendant Field, plaintiff referred to the caveat action in his First Set of Interrogatories to defendant Field in this case, and discovery of evidence with respect to the possession and content of the videotapes is relevant to both proceedings. Therefore, it was proper for the trial court to consider the discovery orders from the caveat proceeding in its consideration of sanctions for failure to comply with discovery in the present case. These assignments of error are overruled.

[2] The principal argument advanced by plaintiff is directed to the dismissal of his claims against defendants due to his lawful exercise of his privilege against self-incrimination. We affirm the trial court's order. Though it is true that a court cannot compel an individual to disclose information which may later be used against him in a criminal proceeding, this does not mean that an individual's decision to invoke the privilege may be done without consequence. The Fifth Amendment is "intended to be a shield and not a sword." *Qurneh v. Colie*, 122 N.C. App. 553, 558, 471 S.E.2d 433, 436 (1996). In *Qurneh* and *Cantwell v. Cantwell*, 109 N.C. App. 395, 427 S.E.2d 129, *review improv. allowed*, 335 N.C. 235, 436 S.E.2d 588 (1993), this Court has made it clear that where the privileged information sought from a plaintiff in discovery is material and essential to the defendant's defense, plaintiff must decide whether to come forward with the privileged information or whether to assert the privilege and forego the claim in which such information is necessary. Dismissal is not automatic; before dismissing a claim based upon plaintiff's refusal to testify in reliance upon the privilege against self-incrimination, the court must employ the balancing test recognized in *Qurneh* and *Cantwell*. This test involves weighing a party's privilege against self-incrimination against the other party's rights to due process and a fair trial. *See Cantwell* at 397, 427 S.E.2d at 130 (citing *Pulawski v. Pulawski*, 463 A.2d 151, 157 (R.I. 1983)).

In the present case, plaintiff seeks, for each of the seven claims in the complaint, compensatory damages in excess of $10,000, as well as punitive damages. The damages are sought as compensation for intangible injuries such as injury to feelings and damage to reputation. Testimony concerning the location of the tapes during the pendency of this action, the identity of persons with whom plaintiff may have discussed the tapes or to whom he may have even given the

**SUGG v. FIELD**

[139 N.C. App. 160 (2000)]

tapes, and the extent to which he may have disseminated them himself, was essential to defendants' ability to defend against actual and punitive damages for their own actions flowing from the limited time the tapes were wrongfully in their possession. Plaintiff's refusal to answer such relevant questions severely limited defendants' ability to present a defense to plaintiff's claim for damages.

Nevertheless, plaintiff claims that because defendant Field admitted going into the storage barn and taking the tapes, the issue of who possessed the videotapes during the period for which he asserted the privilege was not relevant to his claim for invasion of privacy and, therefore, it was error to dismiss that claim. We disagree. If plaintiff himself was in possession, or had custody or control, of the videotapes for all or some parts of a several-month period during which he alleged defendants wrongfully possessed them, his damages would be significantly mitigated.

From the order, it appears that Judge Barber carefully considered and balanced plaintiff's right to assert his privilege against self-incrimination as opposed to defendants' due process rights to defend against his allegations and determined that, without access to the information which plaintiff refused to divulge, defendants' rights were unduly prejudiced. In light of plaintiff's election to shield himself from possible criminal liability for perjury, rather than waive the privilege and pursue his claims by providing information essential to defendants' ability to present a defense, the trial court properly ruled that plaintiff had abandoned his claims and dismissed the action.

For the foregoing reasons, the Order Striking Pleadings and Dismissing All Claims is affirmed.

Affirmed.

Judges LEWIS and WALKER concur.