STATE OF NORTH CAROLINA
v.
OMAR URIBE QUIROZ.
No. COA07-585
Court of Appeals of North Carolina
Filed January 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General R. Kirk Randleman, for the State.
Sue Genrich Berry for Defendant.
STEPHENS, Judge.
Omar Uribe Quiroz ("Defendant") was indicted on one count of first-degree rape, two counts of first-degree sexual offense, and three counts of taking indecent liberties with a child. Defendant was ultimately convicted by a jury of one count of first-degree sexual offense and two counts of indecent liberties. The trial court entered judgments sentencing Defendant to one term of 156 to 197 months in prison and two terms of 16 to 20 months. Defendant appeals from the judgments entered. We find no error.
The State's evidence at trial tended to show that Defendant's wife babysat T.J., a minor child, after school and all day during the summers. In the summer of 2004, when T.J. was eleven years old, she was with Defendant and his wife at a swimming pool. Both Defendant and his wife pulled down the bottoms of their bathing suits and exposed their genitals to T.J. A few days later at Defendant's home, Defendant showed T.J. a pornographic video. After that, T.J. was in Defendant's bedroom with her clothes off, and Defendant and his wife began touching her. Both Defendant and his wife performed oral sex on T.J. In another incident, Defendant took T.J.'s clothes off and rubbed his penis against her vagina, but he did not penetrate her. He also wanted T.J. to put her mouth on his penis, but she refused. T.J. did not inform her parents of these incidents until a year later when she learned that her mother was considering having Defendant's wife babysit T.J.'s younger sister. T.J. was also concerned she might have a sexually transmitted disease after seeing materials in a doctor's office. Defendant testified in his defense and denied that he ever performed oral sex on T.J. or that he ever touched her with his penis.
At the close of the State's evidence, Defendant moved to dismiss all charges for insufficient evidence. The trial court allowed the motion as to one count of first-degree sexual offense, one count of indecent liberties, and the first-degree rape charge. The trial court noted, however, that it would allow the State to proceed on attempted first-degree rape. The jury subsequently returned its verdicts.
On appeal, Defendant's sole argument is that the trial court erred in allowing a forensic interviewer, accepted by the court as an expert witness without objection from Defendant, to testify that it is "not unusual" for a sexually abused child to have "feelings of guilt and remorse, thoughts of self-harm, [and] things of that nature[.]" Defendant objected to the introduction of this testimony, but his objection was overruled by the trial court. Defendant argues he was prejudiced by the admission of the testimony because it unduly enhanced the child's credibility with the jury. We disagree.
The State tendered Kimberly Madden as an expert in interviewing and evaluating sexually abused children. Ms. Madden testified that, during an interview she conducted with T.J. after the incidents with Defendant and his wife, T.J. expressed feelings of guilt and remorse concerning the incidents, and had thoughts about harming herself. The State then asked, "Ms. Madden, based on your experience, is it unusual in cases of alleged child sexual abuse for children to have these kinds of  this kind of guilt or remorse or thoughts about self harm?" Defendant objected on grounds of lack of foundation and relevance. The trial court overruled the objection, and Ms. Madden replied that those types of thoughts and feelings are "not unusual" in children who have been sexually abused. She went on to explain several reasons why such children might delay in disclosing the acts committed against them. Expert testimony is governed by Rule 702 of the Rules of Evidence, which provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." N.C. Gen. Stat. § 8C-1, Rule 702 (2005). The trial court is allowed wide latitude in its discretion to admit expert testimony. State v. Goode, 341 N.C. 513, 461 S.E.2d 631 (1995). "It is enough that the expert witness 'because of [her] expertise is in a better position to have an opinion on the subject than is the trier of fact.'" State v. Evangelista, 319 N.C. 152, 164, 353 S.E.2d 375, 384 (1987) (quoting State v. Wilkerson, 295 N.C. 559, 569, 247 S.E.2d 905, 911 (1978)). Furthermore, this Court has held that "[i]n cases involving sexual assaults on a minor, `[a]llowing experts to testify as to the symptoms and characteristics of sexually abused children and to state their opinions that the symptoms exhibited by the victim were consistent with sexual or physical abuse is proper.'" State v. McCall, 162 N.C. App. 64, 71, 589 S.E.2d 896, 900 (2004) (quoting State v. Love, 100 N.C. App. 226, 233, 395 S.E.2d 429, 433 (1990), appeal dismissed and disc. review denied, 328 N.C. 95, 402 S.E.2d 423 (1991)).
Defendant contends Ms. Madden's expertise was limited to interviewing children, and she was not qualified to testify as to the thoughts and feelings a sexually abused child might have. However, Ms. Madden was accepted by the trial court, without an objection from Defendant, as an expert in both interviewing and evaluating sexually abused children. See State v. White, 340 N.C. 264, 294, 457 S.E.2d 841, 858 ("Defendant must specifically object to the qualifications of an expert witness in order to preserve the objection.") (citation omitted), cert. denied, 516 U.S. 994, 133 L.Ed. 2d 436 (1995). Moreover, the evidence establishes that Ms. Madden was qualified by training and experience in evaluating child sexual abuse victims, not just in interviewing them. Therefore, she was qualified to explain the usual symptoms and characteristics of such children. The trial court properly allowed her testimony and did not err in overruling Defendant's objection thereto. McCall, supra. This assignment of error is overruled.
Defendant expressly abandons his remaining assignments of error.
NO ERROR.
Judges TYSON and GEER concur.
Report per Rule 30(e).